**FILED**

**April 4, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 1:32 PM**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **Cleaster Marshall,** | ) | **Docket No. 2016-06-1687** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Gate Precast Company,** | ) | **State File No. 67709-2016** |
| **Employer,** | ) | |
| **And** | ) | |
| **XL Specialty Insurance,** | ) | **Judge Kenneth M. Switzer** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER DENYING REQUESTED RELIEF

---

This case came before the undersigned Workers' Compensation Judge on March 30, 2017, on Mr. Marshall's Request for Expedited Hearing. The present focus of this case is whether he gave legally sufficient notice of his alleged work-related injury and whether he suffered an injury arising primarily out of and in the course and scope of employment with Gate Precast. For the reasons set forth below, the Court holds Mr. Marshall gave sufficient notice but did not come forward with sufficient evidence of an injury arising primarily out of employment. Thus, the Court denies his requested relief at this time.

### History of Claim

Mr. Marshall worked for Gate Precast. He alleged that on February 14, 2016, he was "working on a pad" and "building steps" at a university. He had to kneel to do the work, and as long he was kneeling on a flat surface and wearing knee pads, he felt okay. However, to do this work, the steps were laid down in a "v" shape, and Mr. Marshall had to kneel with his knees inside the "v." After several hours in that position, he experienced knee pain and promptly told his supervisor, Nathan Grissom. The next day at work, the pain "really got bad," necessitating medical care. The description Mr. Marshall provided on his Petition for Benefit Determination (PBD) of the mechanism of injury similarly states:

1

2-14-16  I was working on a Pad [sic] & we were building steps for a University. The first day my knees started hurting. I complained about & over night my knees swole real badly & the next day I had to do the same job which was 2-15-2016. And my knees continued to get worse. The next Day I went to see my Doctor Korivi. . . . This was also reported to my supervisor.[1]

Mr. Marshall further testified that constant standing at work caused the veins in his legs "to break." He attempted to introduce documentation into evidence regarding this allegation, but the Court denied his request because he failed to timely file the documents.[2]

Mr. Marshall additionally stated he fell on the ice at work, landing on his hip, on February 9, 2016, and he "might have" told Gate Precast at that time he did not need treatment as a result of the fall. He acknowledged previous treatment with his hip but stated, "I got reinjured when I fell," and, "later on it bothered me." He also alleged an eye injury from "mixing chemicals" on his PBD but offered no testimony or documentary evidence to support the allegation.

Mr. Marshall saw his primary care physician, Dr. Giriprasadarao Korivi, on February 16. (Ex. 2 at 1-2, 4-5.) Mr. Marshall gave a history of "right knee and hip pain: ongoing for 3 years or longer. Intermittent exacerbation. Current exacerbation x 1 week. fell [sic] on his right hip last week. He is able to walk but notes worsening knee pain. He has had steroid shots in the hip and knee in the past." Dr. Korivi diagnosed right-knee and right-hip pain, referred him for an orthopedic evaluation, and excused him from work for that day.

The next day, Mr. Marshall saw Dr. Allison Cabrera, an orthopedic surgeon. (Ex. 2 at 14-20.) Records from that visit state that she saw him previously for bilateral hip pain, and, "[T]oday is having hip, buttock and knee pain, right knee is the most severe. He was kneeling for some time at work within the last week and says that really aggravated his knee[.] . . . He is not currently taking any medication for and no new

---

[1] Gate Precast argued February 14, 2016, was a Sunday and that Mr. Marshall did not work that day. Mr. Marshall conceded the date of injury was not a Sunday. The Court finds the incident occurred on February 15, 2016, rather than February 14, as noted on the PBD. The discrepancy, in and of itself, is not determinative of the outcome in this case. As our Supreme Court observed, "Even if minor and insignificant details vary, an injured worker should not be penalized simply for being a poor historian." *Orman v. Williams Sonoma, Inc.*, 803 S.W.2d 672, 677 (Tenn. 1991).

[2] *See* Tenn. Comp. R. & Regs. 0800-020-21-.14(1)(a)-(c) (2016) (Request for expedited hearing must be accompanied by documents demonstrating the party is entitled to the requested relief, and evidence not disclosed in accordance with this rule will not be considered unless good cause is shown as to why the evidence/witness was not disclosed.).

injury or falls." She diagnosed primary osteoarthritis of the right hip, "other chronic pain," and "chronic pain of the right knee," and excused him from work until February 22. Mr. Marshall submitted no additional records from Dr. Cabrera after this visit. He testified he continued to work despite the pain because he felt he "had no other choice." Mr. Marshall insisted that telling Gate Precast about work injuries rarely resulted in seeing a doctor, but rather the typical response was just to "Take it easy." Gate Precast terminated him in May 2016 citing "lack of work."

Gate Precast contested the sufficiency of Mr. Marshall's notice and whether he sustained an injury as defined by the Workers' Compensation Law.

With regard to its notice argument, Gate Precast offered into evidence documents its counsel referred to as "affidavits" from two supervisors, who denied Mr. Marshall reported a knee injury, but rather stated that he fell on ice before the alleged date of injury and did not need medical treatment. The Court declined to admit the documents into evidence because the notary's statement reads that the notary herself made the statement and does not state that the affiants were sworn. Therefore, they are not valid affidavits.[3]

Gate Precast relied on the testimony of Sarah Parker, its human resources manager, who testified she investigated the claim and first learned that Mr. Marshall filed a workers' compensation claim in September after he filed his PBD and several months after his termination. She stated Mr. Marshall reported falling on ice on February 9 but according to an incident report, which was not admitted into evidence, he told supervisors he did not need treatment. According to Ms. Parker, he gave no notice of a knee injury after that date. Gate Precast never provided a panel or authorized any treatment.

As to whether Mr. Marshall sustained an injury as defined by the Workers' Compensation Law, Gate Precast argued Mr. Marshall suffered from longstanding preexisting conditions. Medical records from Dr. Korivi indicate he diagnosed osteoarthritis as early as August 2014. Notes from the next visit of April 1, 2015, read that Dr. Korivi diagnosed "bilateral knee pain and swelling: present for 3 years. No better with shots. had [sic] seen dr. Cabrera for this." Mr. Marshall additionally saw Dr. Kishorkumar Desai, a rheumatologist, in May 2015, who diagnosed joint pain, rheumatoid arthritis and osteoarthritis.

Mr. Marshall, who is self-represented, wrote on the PBD that the date of injury is "1997 2nd time 2013." He clarified that he suffered hernias at work in 1997 and 2010 or 2013. The Court explained at the Expedited Hearing that it has no jurisdiction to order

---

[3] "An affidavit is a written statement by an affiant that was made under oath." *Kenyon v. Handal,* 122 S.W.3d 743, 752 n.6 (Tenn. Ct. App. 2003). "The document, without a signature or oath, does not commit its purported author to any of the substantive statements it contains and, thus, has no evidentiary value." *Id.* at 752.

3

any relief for Mr. Marshall's alleged injuries sustained before July 1, 2014, precluding workers' compensation benefits related to the hernias.

## Findings of Fact and Conclusions of Law

As in all workers' compensation actions, Mr. Marshall, as the claimant, has the burden of proof on the essential elements of his claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). However, since this is an expedited hearing, he only has to come forward with sufficient evidence from which the Court can determine he is likely to prevail at a hearing on the merits in order to meet his burden. *McCord v. Advantage Human Resourcing,* 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Applying these legal principles first within the context of Gate Precast's notice defense, the Workers' Compensation Law mandates that "[e]very injured employee . . . shall, immediately upon the occurrence of an injury, or as soon thereafter as is reasonable and practicable, give or cause to be given to the employer who has no actual notice, written notice of the injury." Tenn. Code Ann. § 50-6-201(a)(1) (2015). The statute additionally provides that "[n]o compensation shall be payable . . . unless the written notice is given to the employer within thirty (30) days after the occurrence of the accident, *unless reasonable excuse for failure to give the notice is made to the satisfaction of the tribunal* to which the claim for compensation may be presented." *Id.* (emphasis added). The notice requirement contained in section 50-6-201 "exists so that the employer will have the opportunity to make a timely investigation of the facts while still readily accessible, and to enable the employer to provide timely and proper treatment for the injured employee." *Buckner v. Eaton Corp., et al.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 84, at *6-7 (Nov. 9, 2016).

Here, the Court finds Mr. Marshall credibly testified that he told Mr. Grissom about injuring his knees after almost a full day's work kneeling on them inside the "v" of stairs laid flat. Gate Precast's counsel vigorously cross-examined him, yet Mr. Marshall did not alter his testimony. Gate Precast did not offer countervailing testimony from Mr. Grissom. Further, Ms. Parker did not relay first-hand knowledge regarding the circumstances of Mr. Marshall's injuries but rather conveyed her impressions resulting from her "investigation," largely of hearsay documents and conversations with supervisors about events that happened several months earlier. The Court accredits Mr. Marshall's testimony over hers in this regard.

However, to award the benefits Mr. Marshall seeks, he must satisfy his burden to show he is likely to prevail at a hearing on the merits regarding whether he sustained an injury as defined in the Workers' Compensation Law. That definition provides that "injury" means an "injury by accident . . . arising primarily out of and in the course and scope of employment, that causes . . . disablement or the need for medical treatment[.]"

4

Tenn. Code Ann. § 50-6-102(14). The definition further states that an injury does not include "the aggravation of a preexisting disease, condition or ailment unless it can be shown to a reasonable degree of medical certainty that the aggravation arose primarily out of and in the course and scope of employment[.]" *Id.* at § 50-6-102(14)(A). In addition, an injury "arises primarily out of and in the course and scope of employment" only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes." *Id.* at § 50-6-102(14)(B). Moreover, this must be shown "to a reasonable degree of medical certainty." *Id.* at § 50-6-102(14(C).

Applying these criteria, the Court looks to the medical evidence and finds that Mr. Marshall suffers from osteoarthritis and rheumatoid arthritis, the onset of which pre-dated February 2016. The medical records from the February 16 visit with Dr. Korivi mention a fall at work approximately one week before the visit, but are notably silent regarding the kneeling incident. Meanwhile, Dr. Cabrera's notes from February 17 mention pain while kneeling but also that he reported "no new injuries or falls."

*McCord* instructs that Mr. Marshall need not prove his case by a preponderance of the evidence at the expedited hearing phase, but at the lower standard that he is "likely to prevail at a hearing on the merits." The Court cannot find at this time that Mr. Marshall satisfied even this lower burden, given that the medical records are equivocal at best regarding his history, and they strongly suggest that other causes, such as Mr. Marshall's preexisting arthritis, might be responsible for the onset of pain he experienced at work, rather than his employment activities. As our Appeals Board observed, "an injury purely coincidental, or contemporaneous, or collateral, with the employment . . . will not cause the injury . . . to be considered as arising out of the employment." *Hosford v. Red Rover Preschool,* 2014 TN Wrk. Comp. App. Bd. LEXIS 1, at *20-21 (Oct. 2, 2014) (Citation omitted). Therefore, as a matter of law, Mr. Marshall has not come forward with sufficient evidence from which this Court concludes that he is likely to prevail at a hearing on the merits, and his request for workers' compensation benefits is denied at this time.

As a final matter, after Mr. Marshall filed the PBD, Bureau staff notified Gate Precast of its obligation to file a First Report of Injury. Likewise, the mediation specialist made a penalty referral for Gate Precast's failure to file this required form. Court staff brought this to Gate Precast's counsel's attention on the date of the Expedited Hearing. To date, it has failed to file the form. Tennessee Compilation Rules and Regulations 0800-2-14-.03(2) requires insurers to file a report of accident on Form C-20. Further, any Bureau employee may refer any entity to the penalty program for the assessment of a penalty whenever the referring employee believes there may have been a violation of the Bureau's rules. Tenn. Comp. R. & Regs. 0800-02-24-.03. The Court believes there may have been a rules violation and thus refers the matter to the Penalty Unit for consideration of whether a penalty assessment is warranted.

5

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Marshall's claim against Gate Precast and its workers' compensation carrier for the requested medical and temporary disability benefits is denied at this time.

2. This matter is set for a Scheduling Hearing on May 22, 2017, at 9:00 a.m. Central. **You must call 615-532-9552 or toll-free at 866-943-0025 to participate in the Hearing. Failure to call in may result in a determination of the issues without your further participation.**

3. This matter is referred to the Penalty Unit for consideration of whether a penalty should be assessed regarding the employer/carrier's failure to file Form C-32.

       **ENTERED this the 4th day of April, 2017.**

       **Judge Kenneth M. Switzer**
       **Court of Workers' Compensation Claims**

# APPENDIX

Exhibits:
1. Affidavit
2. Medical records
3. Wage statement
4. Letter from Bureau of Workers' Compensation to Gate Precast
5. Penalty Referral Checklist
6. Revised wage statement
7. Separation notice

Technical record:
1. Petition for Benefit Determination
2. Employer position statement
3. Dispute Certification Notice
4. Request for Expedited Hearing
5. Employer and Insurance Carrier Response in Opposition to Employee's Request for Expedited Hearing; (Blank discovery, interrogatories, was attached but no motion to compel was filed. Therefore, it is not included as part of the technical record.)
6. Employer's Supplemental Response in Opposition to Employee's Request for Expedited Hearing (Without attachments)

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Expedited Hearing Order Denying Requested Relief was sent to the following recipients by the following methods of service on this the 4th day of April, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Cleaster Marshall, Self-represented | X | | | 567 Donna Dr., Clarksville TN 37042 |
| Fred Hodge, Employer's Counsel | | | X | fhodge@howell-fisher.com |
| Penalty Unit | | | X | WCCompliance.Program@tn.gov |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov